NOT DESIGNATED FOR PUBLICATION

No. 112,707

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARTH W. PRATHER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellis District Court; GLENN R. BRAUN, judge. Opinion filed January 29, 2016.
Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, assistant solicitor general, for appellee.

Before ARNOLD-BURGER, P.J., GREEN and STANDRIDGE, JJ.

*Per Curiam*: A state trooper noticed Garth W. Prather changing a tire on a highway ramp. When the trooper checked on Prather, he suspected Prather might be intoxicated. The trooper asked Prather to submit to a preliminary breath test, but instead of complying, Prather became belligerent and resistant. Twice, he even raised a balled-up fist at the trooper. Eventually, the trooper arrested Prather, and a blood test revealed his blood-alcohol content to be .19. A jury convicted Prather of three charges stemming from this incident, and he appeals. He first contends that the court improperly denied his motion to suppress filed prior to trial. But he failed to object during trial to the admission of the same evidence, so he has failed to properly preserve that issue on appeal. Finally,

1

he contends that there was insufficient evidence to convict him of assault on a law enforcement officer. Having reviewed the evidence we find the evidence was sufficient and, accordingly, affirm Prather's convictions.

## FACTUAL AND PROCEDURAL HISTORY

While on patrol one evening, Kansas State Trooper William Poland noticed a car parked at the bottom of a highway ramp. Poland stopped behind the car to check on the driver, later identified as Prather, and discovered Prather was attempting to change a tire. As Poland watched, Prather struggled to operate both the jack and the lug-nut wrench; Poland later described him as "very uncoordinated." When Prather stood at one point, Poland smelled alcohol coming from him and the side of his vehicle. The combination of the smell and lack of coordination led Poland to suspect Prather might be intoxicated, so he decided to "get [Prather] to a safer position" away from the road.

In order to avoid any arguments about Prather's level of intoxication, Poland asked him to submit to a preliminary breath test. But Prather refused Poland's request, insisting he felt fine and just wanted to change his tire. Poland later characterized Prather's responses as "belligerent" and "[u]ncooperative." Prather's behavior, combined with his slurred speech, only reinforced Poland's suspicions about Prather's intoxication.

As Prather's uncooperative behavior continued, Poland stepped forward and "took ahold" of him. Prather responded by picking up his tire iron. Poland persuaded Prather to drop the iron, but after the men stepped back between the two vehicles, Prather "pulled away" in a manner Poland described as "combative" and "noncompliant." Worried about Prather's proximity to traffic, Poland handcuffed one of Prather's wrists and "literally dragged him out of the roadway."

Poland advised Prather that he was under arrest, but Prather continued to resist. In order to avoid "slamming [Prather] into the guardrail," Poland executed a "sweep motion" but did not force Prather to the ground. When Prather recovered, he "balled his fist up" and raised his hand as he spun around to face Poland. Poland believed Prather might try to hit him and pushed Prather away. When Poland again tried to subdue Prather, this time leaning him over the guard rail, he could not reach Prather's free arm to handcuff him. Again, while "doubled over the guardrail," Prather raised his hand, and Poland "thought he was going to attempt to punch [him]." Around that time, Poland called for backup, and another officer arrived to secure Prather. Officers eventually obtained a sample of Prather's blood, which indicated that his blood-alcohol level was .19.

The State ultimately charged Prather with driving under the influence, assault on a law enforcement officer, and driving while his license was suspended. Before trial, Prather moved to suppress all evidence stemming from his arrest. He claimed that Poland lacked probable cause to arrest him for driving under the influence because he never witnessed Prather driving, which rendered all evidence fruit of the poisonous tree. After a hearing, the district court denied the motion.

The jury convicted Prather of all three charges, and the district court sentenced him to a total sentence of 18 months' imprisonment. Prather timely appealed.

ANALYSIS

*Prather has failed to preserve the issue of the suppression of evidence.*

On appeal, Prather maintains that Poland lacked probable cause to arrest him, which necessarily rendered all the evidence obtained incident to that arrest fruit of the poisonous tree. Prather acknowledges that his attorney never objected to the admission of

3

this potentially tainted evidence at trial but insists that the "plain language" of K.S.A. 60-404 allows this court to entertain the issue regardless of whether he raised an objection.

K.S.A. 60-404 provides that the erroneous admission of evidence cannot be grounds for reversal absent an objection to that evidence. This rule, often called the contemporaneous objection rule, requires that the objection be timely, specific, and on-the-record. *State v. Houston*, 289 Kan. 252, 270, 213 P.3d 728 (2009). But even when a party objects to certain evidence in a pretrial motion, our Kansas Supreme Court has held "that when a pretrial motion to suppress has been denied, the moving party must still object to the introduction of the evidence at trial in order to preserve the issue for appeal." 289 Kan. at 270. This facet of the rule "allows the court to be prepared . . . to reconsider its original ruling" as the evidence unfolds at trial. 289 Kan. at 270.

This court is duty-bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from a previously held position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (September 14, 2015). No such indication exists in this case. This court cannot ignore our Supreme Court's requirement that a pretrial objection to evidence be renewed at trial. As Prather concedes that his attorney failed to object at trial, this issue is not preserved for appeal.

*There was sufficient evidence to support Prather's conviction for assault on a law enforcement officer.*

Next, Prather claims that the State failed to present sufficient evidence to prove he assaulted Poland. As always, when the sufficiency of the evidence is challenged in a criminal case, this court reviews such claims by looking at all the evidence in the light most favorable to the prosecution and determining whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Frye*, 294 Kan. 364, 374-75, 277 P.3d 1091 (2012). In determining whether there is sufficient evidence to

4

support the conviction, this court generally will not reweigh evidence or the credibility of witnesses. *State v. Hall*, 292 Kan. 841, 859, 257 P.3d 272 (2011). Importantly, a verdict may be supported by circumstantial evidence if such evidence provides a basis from which the factfinder may reasonably infer the existence of the fact in issue. However, the evidence need not exclude every other reasonable conclusion or inference. *State v. Scaife*, 286 Kan. 614, 618, 186 P.3d 755 (2008).

In Kansas, assault occurs when an individual knowingly places another person "in reasonable apprehension of immediate bodily harm." K.S.A. 2014 Supp. 21-5412(a). Additionally, the individual causing the assault generally "must have the apparent ability to injure his or her victim." *State v. Dubetsky*, No. 99,905, 2009 WL 981881, at *6 (Kan. App. 2009) (unpublished opinion), *rev. denied* 290 Kan. 1097 (2010). However, that person is not required to have the intent or even the "actual present ability to injure" the victim. 2009 WL 921881, at *6. When an individual assaults "[a] uniformed or properly identified" officer while that officer is performing his or her duties, he or she commits assault on a law enforcement officer. K.S.A. 2014 Supp. 21-5412(c).

On appeal, Prather acknowledges that Poland thought Prather raised his fist to harm him. However, Prather claims that the State failed to prove that Poland's belief was a reasonable one. Importantly, Prather cites no caselaw defining the word *reasonable* or indicating the standard by which reasonableness should be measured; instead, he simply insists that the evidence fails to prove this element.

Black's Law Dictionary defines *reasonable* as "[f]air, proper, or moderate under the circumstances; sensible." Black's Law Dictionary 1456 (10th ed. 2014). Here, the evidence clearly demonstrates that, given the circumstances, Poland's belief was proper and sensible. From the time Poland asked Prather to submit to the preliminary breath test until backup arrived, Prather refused to cooperate with him. Poland described his manner as "belligerent," "[u]ncooperative," and even "combative." When Poland first touched

5

Prather, Prather responded by picking up a tire iron; when Poland attempted to arrest and handcuff Prather, he physically resisted. During the ensuing struggle, Prather twice balled up and raised his fist, and Poland "thought he was going to attempt to punch [him]." In the end, Poland had to pin Prather against a guardrail and call for a backup officer to handcuff him. Although Prather never swung at Poland, nothing in the testimony suggests that he lacked the ability to do exactly that. Instead, Poland's account of the struggle indicates that the men remained in close proximity the entire time. Moreover, the jury actually witnessed and heard the struggle firsthand thanks to Poland's dashboard camera and the officer's microphone, allowing them to judge the reasonableness of Poland's belief. All told, the circumstances of this case reveal that Poland's apprehension of immediate bodily harm was more than reasonable.

Based on the evidence at trial, a rational factfinder could clearly find Poland's belief reasonable and therefore convict Prather of assault on a law enforcement officer beyond a reasonable doubt. Accordingly, his conviction is affirmed.

Affirmed.